# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM J. SEBREE,

    Petitioner,

v.

J.A. TERRIS, Warden,

    Respondent.

Case No. 20-10243
Honorable Laurie J. Michelson

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

William J. Sebree filed this petition for a writ of habeas corpus on January 30, 2020. (ECF No. 1.) For the reasons stated below, his petition is denied.

In 2004, Sebree was convicted in the Southern District of Indiana of three counts of felony armed bank robbery and one count of use of a firearm during a violent crime. (ECF No. 1, PageID.3.) He was sentenced to 75 months' incarceration for each bank robbery count, to be served concurrently, a consecutive sentence of 84 months' incarceration for the firearm conviction, and five years' supervised release. (*Id.*) Sebree's supervised release began in March 2016, but he violated his release conditions and was ordered to self-surrender in March 2018. (*Id.*) A federal judge in the Southern District of Indiana sentenced Sebree to a term of seven months' imprisonment for the violation. (ECF No. 10-2, PageID.33.) After Sebree failed to report to the Bureau of Prisons, he was indicted for failure to surrender for service of sentence. (ECF No. 10-3, PageID.38.) Sebree eventually was apprehended and pleaded guilty in June 2019 to the new count, for which he was sentenced to 14 additional months of imprisonment and one year of supervised release. (ECF No. 10-3, PageID.40.) Sebree then was incarcerated at the Federal Correctional

1

Institution in Milan, Michigan, and released on May 29, 2020. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited July 1, 2020).

Sebree's habeas petition, filed under 28 U.S.C. § 2241, asserts that his rights under the Double Jeopardy Clause were violated when the United States District Court for the Southern District of Indiana sentenced him for both violating the supervised-release terms and failing to turn himself over to the Bureau of Prisons. (ECF No. 1, PageID.1.) Generally, a federal prisoner who seeks to challenge his conviction or sentence shall file a petition with the sentencing court under 28 U.S.C. § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). But "if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention," he may bring a challenge under § 2241. *See id.* at 756 (citation omitted). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id.* The Sixth Circuit Court of Appeals has construed the phrase "inadequate or ineffective" to have limited scope; it applies "only where the petitioner also demonstrates actual innocence." *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (citation omitted); *see also Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) (holding that a federal prisoner cannot bring such a claim "without showing that he had no prior reasonable opportunity to bring his argument for relief").

Since this Court, located in the Eastern District of Michigan, is not Sebree's sentencing court, Sebree has the burden to show that his remedy under § 2255 is inadequate or ineffective. According to Sebree, "The Government mistakenly prosecuted an innocent man and increased his sentence that was imposed for violating supervised release after Sebree served this sentence of seven months." (ECF No. 1, PageID.1.) Sebree adds that he filed this petition under § 2241 instead of § 2255 "since the trial Court has proven to be ineffective and inadequate." (ECF No. 1, PageID.2.) But Sebree has not demonstrated that he applied for relief under § 2255 with his

sentencing court—the Southern District of Indiana—and was denied relief. Nor do Sebree's allegations of double jeopardy show "actual innocence."

So Sebree may not bring a § 2241 habeas suit in this Court. His petition is DENIED.

IT IS SO ORDERED.

Dated: July 6, 2020

                              s/Laurie J. Michelson
                              LAURIE J. MICHELSON
                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 6, 2020.

                              s/Erica Karhoff
                              Case Manager to the
                              Honorable Laurie J. Michelson